IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00052-GPG

ROSCOE FORD,

      Plaintiff,

v.

MICHAEL H. BERGER, State Judge,
JERRY N. JONES, State Judge,
GALE T. MILLER, State Judge, In Their Judicial, Propensity and Representative
      Capacities,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Roscoe Ford is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff, a *pro se* litigant, initiated this action by filing a Notice of Intent to Sue. Magistrate Judge Gordon P. Gallagher reviewed the Notice, determined that the filing was deficient, and entered an order on January 8, 2016, directing Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints.   On January 21, 2016, Plaintiff complied with the January 8 Order.   Plaintiff also paid the $400 filing fee.

Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1361, 1367, 1652, and 2201.   In the Nature of the Case section of the complaint form, Plaintiff states the background of this case as follows.

> On December 10, 2013 judge Rappaport denied plaintiffs [sic] request to vacte [sic] his illegal sentence.   Judge Rappaports [sic] final order, standards of law was based upon state post-conviction illegal sentence

rule.   Plaintiff appealed judge Rappaports [sic] decision, that was based upon the states [sic] illegal sentence rule.   The state attorney general raised a RECHARACTERIZATION claim, change the caption of the plaintiffs [sic] post conviction motion, claiming for the first time on appeal that plaintiff was time barred under the post conviction rule.   Plaintiff objected that the state AG cannot raise a NEW ISSUE for the first time on appeal that judge Rppaport [sic] did not address in her state district court final order.   The above defendants, Colorado Court of Appeals concurred with the state AG that he could RECHARACTERIZE plaintiffs [sic] post conviction caption eventhough [sic] such analysis was in contrary to the United States Supreme Courts authoritative, bright-line rules for RECHARACTERIZATION of a post conviction caption and in violation of the U.S. Supremacy Clause.

ECF No. 6 at 3.

In the Cause of Action section of the complaint form, Plaintiff raises three claims against the three judges who ruled on his appeal, allowed the recharacterization of his postconviction motion, and apparently determined that the motion was time-barred.   *Id.* at 4-6.   As relief, Plaintiff requests declaratory relief for a ruling on whether *People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006), violated the U.S. Supremacy Clause on evaluation recharacterization issues and whether state precedent supersedes *Castro v. United States*, 124 S. Ct. 786 (2003).   Plaintiff further asserts that (1) he is not requesting release from confinement; (2) he is not alleging he was deprived of any federal amendment, or a right violated by the state court of appeals judges; (3) he is not suing for money damages; and (4) he is not seeking to overturn the prior decision of the Colorado Court of Appeals under Case No. 14CA0021.

Where a prisoner seeks a declaratory judgment as to the validity of a defense the state may, or may not, raise in a habeas corpus proceeding, such a suit does not allow the resolution of a case or controversy, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense.   *Calderon v. Ashmus*, 523 U.S.

740, 747 (1998). This is an improper purpose for the use of the Declaratory Judgment Act. *Calderon*, 523 U.S. at 746.   The Court also finds as follows.

First, "declaratory judgment actions often require courts to face the difficult task of distinguishing 'between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies.' " *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1343–44 (6th Cir.1996)).   In addressing a mootness issue, the U. S. Supreme Court held that in "a claim for declaratory relief, the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 459 (internal quotation marks omitted) (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974)).

Second, the exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.   "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks and citations omitted).   "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).

Third, the U.S. Supreme Court has adhered to the principle that "it will not review judgments of state courts that rest on adequate and independent state grounds," which

is based on "the limitations of [its] own jurisdiction." *Herb v. Pitcairn*, 324 U.S. 117, 125 (1945). The jurisdictional concern of the Supreme Court is that it not "render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion." *Id.* at 126. Federal courts are to avoid rendering advisory opinions in state habeas matters. *Michigan v. Long*, 463 U.S. 1032, 1040 (1983).

As a general rule, federal courts "do not review issues [in habeas actions] that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998) (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). "For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman*, 160 F.3d at 1259 (citations and internal quotations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

In *Kailey v. Colo. State Dep't of Corrections, et al.*, 807 P.2d 563, 567 (Colo. 1991), the Colorado Supreme Court (CSC) found that although the defendant was not entitled to habeas corpus relief, the district court should have treated his petition as a Crim. P. 35(c) motion for postconviction relief. The CSC further found, based on previous decisions, that a habeas corpus petition should be treated as a Crim. P. 35 motion for postconviction

relief when the allegations in the petition state a cognizable basis for relief under Crim. P. 35. *Id.* (citing *White v. Denver District Court*, 766 P.2d 632, 634 (Colo.1988); *Dodge v. People*, 178 Colo. 71, 73, 495 P.2d 213, 214 (1972).   Even though, in *Kailey*, the state district court declined to determine whether defendant's petition for writ of habeas corpus should be treated as a motion for postconviction relief, the CSC evaluated the district court's ruling in this case in the context of Crim. P. 35(c), and in essence by doing so recharacterized defendant's petition.   This Court, therefore, finds that the CCA's recharacterization of the habeas petition in Plaintiff's case is based on an independent and adequate state procedural ground.

The Court further finds Plaintiff's request for declaratory relief does not resolve a controversy in this case and any decision by this Court would be advisory in nature. Finally, the Court finds that Plaintiff's request for relief would implicate the validity of a defense the state may, or may not and is not a proper use of the Declaratory Judgment Act under *Calderon*.

Lastly, even if this Court were to find it appropriate to review the merits of Plaintiff's claims pursuant to 42 U.S.C. § 1983, the action is subject to dismissal because all Defendants are immune from suit.

Defendants are absolutely immune from liability in civil rights suits when they act in their judicial capacity, unless they act in the clear absence of all jurisdiction.   *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).   Defendants were acting in their judicial capacity when they opted to recharacterize the caption of Plaintiff's postconviction

motion and deny the motion.   Therefore, the claims Plaintiff asserts against Defendants

pursuant to § 1983 are barred by absolute judicial immunity.

The Court, nonetheless, will dismiss this action for lack of subject matter

jurisdiction.   The dismissal will be without prejudice.   *See Brereton v. Bountiful City*

*Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (When a case is dismissed for lack of

jurisdiction, the dismissal must be without prejudice.).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the

purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff

files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a

motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance

with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice

pursuant to Fed. R. Civ. P. 12(h)(3).   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is

denied.

DATED at Denver, Colorado, this __16th__ day of ___March_____, 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court